**Jason COLEMAN, Plaintiff,**

v.

**STATE SUPREME COURT, et al., Defendants.**

**No. 09 Civ. 1072 (VM).**

United States District Court, S.D. New York.

June 24, 2009.

Jason Coleman, New York, NY, pro se.

Bertrand Rolf Madsen, U.S. Attorney's Office, John D. Winter, Patterson, Belknap, Webb & Tyler LLP, Samuel Joseph Abate, Jr., Pepper Hamilton, LLP, Andrew Ian Kaplan, Aaronson Rappaport Feinstein & Deutsch, LLP, Jacqueline Hui, New York City Law Department, New York, NY, for Defendant.

*DECISION AND ORDER*

VICTOR MARRERO, District Judge.

**I. BACKGROUND**

Plaintiff Jason Coleman brought this action against the New York State Supreme Court, Mental Health Hygiene Part ("MHH") and various other defendants alleging injuries from forced administration of medication to him. Coleman filed for

entry of a judgment by default against MHH, claiming that he had served MHH by submitting the summons and complaint on March 4, 2009 to a legal clerk at the office of the State Attorney General.

By Order dated May 20, 2009, Magistrate Judge Frank Maas, to whom this matter had been referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated hereto, finding that Coleman's service on MHH through the State Attorney General's Office was ineffective and recommending that Coleman's motion for a default judgment be denied. Coleman filed timely objections to the Report challenging its finding.

## II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed.R.Civ.P. 72(b); *see also Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.*, 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a 'specific written objection . . . after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." *Cespedes v. Coughlin*, 956 F.Supp. 454, 463 (S.D.N.Y. 1997) (*citing United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

## III. DISCUSSION

Having conducted a review of the full factual record in this litigation, including the pleadings, and the papers submitted in connection with the underlying motion and in this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Report are not contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in the Report the Court denies Coleman's motion for entry of a default judgment against MHH.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Frank Maas dated May 20, 2009 (Docket No. 30) is adopted in its entirety, and the objections (Docket No. 33) of plaintiff Jason Coleman ("Coleman") are DENIED; and it is hereby further

**ORDERED** that Coleman's motion (Docket No. 21) for entry of judgment by default against defendant New York State Supreme Court, Mental Health Hygiene Part is DENIED.

**SO ORDERED.**

## REPORT AND RECOMMENDATION TO THE HONORABLE VICTOR MARRERO

FRANK MAAS, United States Magistrate Judge.

In this medical malpractice action, *pro se* Plaintiff Jason Coleman ("Coleman") challenges procedures that resulted in the forced administration of medication to him. The Defendants are the State Supreme Court Part of Mental Health Hygiene ("MHH"), the Food and Drug Administration, two drug companies, two hospitals,

and the City of New York. (*See* Docket No. 1) (Complaint).

Coleman's summons and complaint were filed on February 5, 2009. (*Id.*). Thereafter, on March 4, 2009, a process server delivered a copy of the summons and complaint to a legal clerk at the Attorney General's Office at 120 Broadway, New York, New York 10006. This attempt at service is reflected on the affidavit of service that Coleman filed. (*See* Docket Nos. 6, 21). On May 6, 2009, because MHH had not answered or moved, the Clerk of the Court issued a certificate reflecting MHH's default. (Docket No. 21) (Clerk's Certificate). Coleman then filed a motion for a default judgment against MHH on May 7, 2009, pursuant to which he seeks $50 million in damages. (Docket No. 20).

■ Although the Clerk has noted MHH's default, MHH was never properly served. Under Rule 4(j) of the Federal Rules of Civil Procedure, a state-created governmental organization "must" be served by either delivering the summons and complaint to its chief executive officer or following the procedures for service prescribed by state law. Fed.R.Civ.P. 4(j)(2)(A), (B). Here, the affidavit of service establishes that the first alternative was not pursued. Turning to the second alternative, under New York law, "[p]ersonal service upon a court consisting of three or more judges may be made by delivering the summons to any one of them." N.Y. C.P.L.R. § 312 (McKinney 2001). Since the New York State Supreme Court clearly has substantially more than three judges, Coleman's effort to serve the Attorney General's Office did not comply with the New York statute. Moreover, the Attorney General's Office has indicated that it is not authorized to accept service for state agencies. (*See* attached letter to the Court from Ass't Attorney General Shuva J. Paul, dated May 18, 2009).

Accordingly, because the effort to serve MHH was ineffective, Coleman's motion for a default judgment should be denied.

*Notice of Procedure for Filing of Objections to this Report and Recommendation*

The parties shall have ten days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed.R.Civ.P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Marrero. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435(1985).

Dated: New York, New York May 20, 2009